FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEAN MICHAEL PARK and MICHELLE PARK,<br><br>            Plaintiffs - Appellants,<br><br>  v.<br><br>LEHMAN BROTHERS BANK, FSB; et al.,<br><br>            Defendants - Appellees. | Nos. 11-55473, 12-56450<br><br>D.C. No. 3:10-cv-02692-IEG-RBB<br>Southern District of California,<br>San Diego<br><br>ORDER |

Before: Peter L. Shaw, Appellate Commissioner.

On March 16, 2011, the district court granted appellees Aurora Loan Services LLC ("Aurora"), Lehman Brothers Bank, FSB ("Lehman Brothers"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss the underlying complaint as to Aurora, Lehman Brothers, and MERS. On March 23, 2011, appellants filed a notice of appeal of the March 16, 2011 order, initiating appeal No. 11-55473 in this court.

On July 18, 2012, the district court entered an order dismissing the underlying action as to the appellee Quality Loan Service Corporation ("Quality") and entered judgment. On August 6, 2012, appellants filed a notice of appeal of

jp/MOATT

the July 18, 2012 judgment and August 1, 2012 post-judgment order, initiating appeal No. 12-56450.

On September 16, 2013, this court ordered appellants to show cause why appeal Nos. 11-55473 and 12-56450 should not be dismissed for lack of jurisdiction because defendants Marc Carpenter & Associates and Allison James Estate Properties had not been dismissed from the district court action. On October 2, 2013, however, appellants dismissed the remaining defendants, Marc Carpenter & Associates and Allison James Estate Properties, from the underlying action. *See* Fed. R. Civ. P. 41(a)(1) (plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

The district court's March 16, 2011 order, July 18, 2012 judgment, and August 1, 2012 order did not dispose of the underlying action as to all claims and all parties. Therefore, the March 23, 2011 and August 6, 2012 notices of appeal were premature when filed. *See Chacon v. Babcock*, 640 F.2d 221 (9th Cir. 1981). Because the remaining parties now have been dismissed from the underlying action, the jurisdictional defects are cured. *See Fidelity & Deposit Co. of Maryland v. City of Adelanto*, 87 F.3d 334, 336 (9th Cir. 1996) (premature appeal from district court's dismissal order cured by dismissal of remaining parties); *see*

*also Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680-81 (9th Cir. 1980). Accordingly, the orders to show cause issued on September 16, 2013 are discharged.

Appeal No. 11-55473 shall proceed as to appellees Aurora, Lehman Brothers, and MERS.

Appeal No. 12-56450 is duplicative of appeal No. 11-55473 as to appellees Aurora, Lehman Brothers, and MERS. Therefore, the unopposed motion to dismiss appeal No. 12-56450 as to Aurora, Lehman Brothers, and MERS is granted. Appeal No. 12-56450 shall proceed as to appellee Quality only.

Briefing in these appeals is complete. Appeal Nos. 11-55473 and 12-56450 are related and shall be calendared together.